The plaintiff, Chunrong Qin (wife), appeals from a judgment of the Probate and Family Court dismissing her contempt complaint against the defendant, Peikang Liu (husband), for nonpayment of child support. The complaint was dismissed by the judge sua sponte for lack of personal jurisdiction over the husband, a resident of South Carolina. Because we conclude that the court had jurisdiction over the husband under the Uniform Interstate Family Support Act, G. L. c. 209D, § 2-201(2), as then in effect, see St. 1995, c. 5, § 87, we reverse.
Background. The parties were divorced in New Hampshire in 2012. The wife was awarded physical custody of their two children and the husband was ordered to pay $800 per month in child support. Thereafter, the husband stopped paying child support and disappeared. The wife moved to Massachusetts with the children.
After locating the husband in South Carolina, the wife commenced an action in the Probate and Family Court to enforce the New Hampshire judgment in Massachusetts. She filed a subsequent complaint for contempt in the Massachusetts action for failure to pay child support and medical expenses. The husband was served with the complaint for contempt in South Carolina.
Although the husband did not appear in Massachusetts, he negotiated with counsel for the wife for approximately eighteen months in an effort to resolve the case. During that time he assented to the wife's motions to continue the case "to work out an agreement and ... avoid further litigation." When the negotiations failed, a hearing was scheduled. Prior to the contempt hearing, the husband wrote a letter to the judge setting forth his position. He acknowledged his child support obligation, but explained that he was in arrears due to unanticipated financial difficulty.
On April 8, 2016, the judge dismissed the complaint sua sponte for lack of personal jurisdiction over the husband. The dismissal was without prejudice, and the judge gave the wife an opportunity to secure the husband's waiver of personal jurisdiction. The wife did not obtain the waiver, but filed a motion for relief from judgment on May 5, 2016. The judge denied the motion, reasoning that "the court does not find that the [husband] voluntarily submitted himself to [Massachusetts] for personal jurisdiction." This appeal followed.
Discussion. We review the question of personal jurisdiction de novo. See Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct. 527, 533 (1997). "In order for a court to exercise personal jurisdiction over a defendant, the assertion of jurisdiction must be both authorized by statute and consistent with due process." I.S.H. v. M.D.B., 83 Mass. App. Ct. 553, 561 (2013). The husband was served in South Carolina on July 25, 2014. At that time, the Uniform Interstate Family Support Act provided that
"[i]n a proceeding to ... enforce ... a support order ... a tribunal of the commonwealth may exercise personal jurisdiction over a nonresident individual ... if ... the individual submits to the jurisdiction of the commonwealth by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction."
G. L. c. 209D, § 2-201(2), inserted by St. 1995, c. 5, § 87.[2] Here, the husband did not submit to jurisdiction by explicit consent. Nor did he enter a general appearance in the case. The wife contends, however, that the husband's November, 2015, letter to the judge was a responsive document in which he effectively waived any jurisdictional argument by failing to raise it. For the reasons that follow, we agree.
The husband's letter referenced the docket number of the contempt action and was addressed to the judge. In the body of the letter, the husband acknowledged his child support delinquency and stated his intention to pay the arrearage. The husband claimed that "[t]he reason [he] did not pay the child support for a few months [was] that [he] was unemployed without any income and insurance." According to the husband, his financial difficulties were related to poor health and two automobile accidents. It is clear from the letter's content that the husband wanted the judge to consider it in response to the wife's contempt complaint. Indeed, the husband stated, "I understand that [the statements in the letter are] made for use as evidence in court and [are] subject to penalty for perjury." We conclude, therefore, that the letter was a responsive document within the meaning of G. L. c. 209D, § 2-201(2).
We turn next to the question of waiver. A personal jurisdiction defense "may be waived by conduct, express submission, or extended inaction." Lamarche v. Lussier, 65 Mass. App, Ct. 887, 889 (2006). "The threshold question in these cases is whether the defendant brought the jurisdictional defense to the attention of the court before further proceedings had gotten underway." Id. at 890. Here, there was no reference to a jurisdictional defense, even under a liberal construction of the husband's pro se pleadings. See Lamoureux v. Superintendent, Mass. Correctional Inst., Walpole, 390 Mass. 409, 410 n.4 (1983). Nothing in the record indicates that the husband challenged the court's jurisdiction at any time. Ultimately, when the husband communicated directly with the judge in advance of the contempt hearing, he asserted equitable defenses, but no jurisdictional challenge. Indeed, he asked to participate in the contempt hearing by telephone. In these circumstances we conclude that the husband waived the jurisdictional defense by failing to raise it in his responsive document. See G. L. c. 209D, § 2-201(2). Accordingly, the sua sponte dismissal for lack of personal jurisdiction was error.
Judgment reversed.

This provision of the statute has since been amended, see G. L. c. 209D, § 2-201(a)(2), as amended by St. 2016, c. 53, § 1. Our result would not change under the amended statute.